J. T. Shields, Sp. J,
delivered tbe opinion of the Court.
The deposition of Elizabeth Lauderdale, was excepted to, and the exceptions' allowed by the Clerk. From his decision, no appeal in form was prosecuted.
The grounds of the exceptions were, that the caption did not show in what cause the deposition was taken, and that the certificate did not show to whom it was delivered.
At the same term of the Court, when the exceptions were filed and allowed by the Clerk, the defendant asked and obtained leave from the Court to introduce the Commissioner before whom the deposition had been taken, and to amend the caption and certificate, which amendments were accordingly made. No exception to this action of the Court was taken, nor was there any further exception to the deposition.
On the trial of the cause, the plaintiff objected to the reading of the deposition on the same grounds that the exceptions were based upon; but the Court being of the opinion that the amendments allowed by the Court had cured the defects, allowed it to be read.
*356 It is now insisted that this action of the Court in allowing the said deposition to be read, was erroneous, and this is the only question made seriously here.
We think that there was no error in the action of the Court in allowing the deposition to be read, and we affirm the judgment.
It is provided, Code, section 2863, that no summons, writ, pleading, process, return, or other proceeding, in any civil action, in any court, shall be abated or quashed for any defect, omission or imperfection. The amendments made in this case come within the spirit, if not within the letter, of this statute, and other statutory provisions on the same subject. We can not doubt that the imperfections for which the depositions were excepted to, being mere accidental omissions to state facts that really existed, may be amended, under the direction and supervision of the Court, by the officer who took the deposition, and who, of course, makes the amendment under his official oath.
It is argued that when the exceptions were sustained by the Clerk, the Court had no power to make any order in relation to the deposition, without an appeal. We do not think so. It may be true that the decision of the Clerk upon the exceptions, was conclusive until appealed from; yet it does not follow that the Court had not the power to allow an amendment. In fact, the decision of the Clerk was correct; if an appeal had been taken, the action of the Clerk would have been affirmed. For this reason, the plaintiff submitted to the decision of the' Clerk, and resorted to the only remedy he had, which was to apply to the Court to *357 have the defects and omissions in “the proceeding in the civil action” amended according to the facts.
All that could have been obtained by an appeal would have been a review of the judgment of the Clerk, as to whether it was necessary to the validity of a deposition that its caption and certificate should show certain facts. No such review was desired. The judgment of the Clerk was submitted to, and an amendment was sought and obtained from the only source ■ that could grant it. Affirm the judgment.